**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

BAHAMAS SALES ASSOCIATE, LLC,

           Plaintiff,

v.                                            Case No. 3:08-cv-1012-J-32JRK

DONALD CAMERON BYERS,

           Defendant.
_____

DONALD CAMERON BYERS,

           Counterclaim Plaintiff,

v.

BAHAMAS SALES ASSOCIATE, LLC, et al.,

           Counterclaim Defendants.
_____

BAHAMAS SALES ASSOCIATE, LLC,

           Plaintiff,

v.                                            Case No. 3:08-cv-1062-J-32JRK

DARRYL WILLIS,

           Defendant.
_____

DARRYL WILLIS,

           Counterclaim Plaintiff,

v.

BAHAMAS SALES ASSOCIATE, LLC, et al.,

           Counterclaim Defendants.
_____

EDWARD R. WEBB, et al.,

                Plaintiffs,

v.                                                                  Case No. 3:09-cv-516-J-32JRK

GINN FINANCIAL SERVICES, et al.,

                Defendants.
_____

MARK F. BAILEY, et al.,

                Plaintiffs,

v.                                                              Case No. 3:10-cv-422-J-32-JRK

ERG ENTERPRISES, LP, et al.,

                Defendants.
_____

## O R D E R

       The common issue in these four cases is whether a venue provision in a purchase contract requires dismissal of the cases in favor of a Bahamian forum. However, as the procedural postures of the cases vary, the Court initially addresses which aspects of each case are before the Court. Bahamas Sales Associate, LLC v. Donald Cameron Byers, Case No. 3:08-cv-1012-J-32JRK, is before the Court on The Ginn Defendants' Motion to Dismiss Byers' Third Amended Counterclaim (Doc. No. 89) and Donald Byers' response in opposition (Doc. No. 92). Bahamas Sales Associate, LLC v. Darryl Willis, Case No. 3:08-cv-1062-J-32JRK, is before the Court on The Ginn Defendants' Motion to Dismiss Willis' Second Amended Counterclaim (Doc. No. 66) and Darryl Willis' opposition (Doc. No. 70). Edward R. Webb, et al. v. Ginn Financial Services, et al., Case No. 3:09-cv-516-J-32JRK, is before

the Court on The Ginn Defendants' Motion to Dismiss Third Amended Complaint (Doc. No. 77) and Plaintiffs' opposition (Doc. Nos. 79, 82).  Finally, Mark F. Bailey, et al. v. ERG Enterprises, LP, et al., Case No. 3:10-cv-422-J-32JRK, is before the Court on The Ginn Defendants' Motion to Dismiss Plaintiffs' Complaint (Doc. No. 8); Plaintiffs' opposition (Doc. No. 30); Lubert-Adler's Motion to Dismiss the Complaint (Doc. No. 23); and Plaintiffs' opposition thereto (Doc. No. 33).[1]  The Court conducted a hearing on March 24, 2011, the record of which is hereby incorporated by reference.

**I.    The Court Lacks Subject Matter Jurisdiction over Plaintiff Bahamas Sales Associate, LLC's Claims in Byers and Willis.**

The Byers and Willis cases trace their origins to Byers' and Willis' execution of contracts for the purchase of undeveloped parcels of "real property in the Versailles Sur Mer subdivision on Grand Bahama Island, which was alternatively marketed as Ginn Sur Mer ("GSM")."  See Byers Doc. No. 83 at 6; Willis Doc. No. 62 at 6.  In Byers and Willis, Plaintiff, Bahamas Sales Associate, LLC ("BSA"), seeks payment on mortgage notes executed by Byers and Willis in connection with their purchase of these lots in the Bahamas.

In an order dated March 14, 2011, the Court observed that the jurisdictional allegations of BSA's Byers and Willis Complaints were "insufficient to establish BSA's citizenship for purposes of diversity jurisdiction."  See Byers Doc. No. 123; Willis Doc. No. 112.  At the hearing, BSA's counsel conceded that because of the absence of complete

---

[1] The parties in the four cases have all stipulated to the dismissal, with prejudice, of Defendant William McCracken. See Byers Doc. No. 102; Willis Doc. No. 80; Webb Doc. No. 89; and Bailey Doc. No. 41.  The Court entered an order dismissing McCracken with prejudice in every case except Willis.  See Byers Doc. No. 103; Webb Doc. No. 90; and Bailey Doc. No. 42.  In accordance with the stipulation in Willis, see Willis Doc. No. 80, the Court hereby orders that Defendant McCracken is dismissed with prejudice from the Willis action.

-3-

diversity between the parties, the Court lacks subject matter jurisdiction over BSA's note claims in Byers and Willis.  See Byers Doc. No. 126; Willis Doc. No. 115.  Accordingly, BSA's actions on the mortgage notes in Byers and Willis are due to be dismissed without prejudice.  However, this does not conclude the Court's analysis of Byers and Willis because both Byers and Willis raise RICO counterclaims invoking the Court's federal question jurisdiction.  As the counterclaims in Byers and Willis mirror the claims in Webb and Bailey, the Court collectively addresses them below.

## II.     Plaintiffs' Claims and Counterclaims Are Subject to the Bahamian Venue Provision Contained in the Purchase Contracts.[2]

In Webb and Bailey, as well as in the Byers and Willis counterclaims, Plaintiffs allege that the Ginn Defendants[3] and "other persons presently unknown" (See, e.g., Byers Doc. No. 83 at 19) "violated 18 U.S.C. § 1962(c)[4] by conducting, or participating directly or indirectly in the conduct of the affairs of the Ginn Financial Enterprise through a pattern of racketeering activity, including acts indictable under 18 U.S.C. §§ 1341 and 1343." Id. at 40.  Plaintiffs further claim that the Ginn Defendants and others presently unknown to Plaintiffs, in

---

[2] As used throughout the remainder of this Order, the term "Plaintiffs" encompasses Counterclaim Plaintiffs Byers and Willis.

[3] Plaintiffs have identified "Bahamas Sales Associate, LLC ["BSA"]; Ginn Financial Services, LLC ["Ginn Financial"]; Ginn Title Services, LLC ["Ginn Title"]; and Edward R. Ginn, III ["Bobby Ginn"]" collectively as "Ginn" or the "Ginn Defendants."

[4] Section 1962(c) of Title 18 United States Code provides, "It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt."

"violation of 18 U.S.C. § 1962(d)[,][5] . . . conspired to violate 18 U.S.C. § 1962(c)." Id. at 41. Additionally, in Bailey, Plaintiffs make similar allegations against various Ginn-related entities and the Lubert-Adler Defendants.

The thrust of Plaintiffs' appraisal fraud claim is that the Ginn Defendants orchestrated an appraisal fraud scheme whereby they suborned and utilized inflated and unsupported property appraisals to justify the sale and financing of Plaintiffs' GSM lots at inflated prices. The focus of Plaintiffs' Credit Suisse Credit Fraud claims in Bailey is that various Lubert-Adler and Ginn entities collaborated to enter into a financial arrangement with Credit Suisse which would inevitably doom the GSM development.

All Plaintiffs entered into purchase contracts with Ginn-LA West End, Limited, a Bahamian corporation, to purchase lots in the GSM development and, with one exception, obtained financing for their real estate transactions from Ginn Defendant, BSA.[6]  Each purchase contract contains a forum-selection provision which provides, in relevant part,

> The local laws of the Commonwealth [of the Bahamas], without regard to the Commonwealth's choice of law rules, will exclusively govern the interpretation, application, enforcement, performance of, and any other matter related to, this Contract. . . .Further, the courts of the Commonwealth ("Commonwealth Courts") will be the venue for any dispute, proceeding, suit or legal action concerning the interpretation, construction, validity, enforcement, performance of, or related in any way to, this Contract or any other agreement or instrument executed in connection with this Contract.  In the event any such suit or legal action is commenced by any party, the other parties agree, consent, and submit to the personal jurisdiction of the Commonwealth Courts with respect to such suit or legal action.

---

[5]Section 1962(d) of Title 18 United States Code provides, "It shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section."

[6]The Plaintiffs Van in Webb and Bailey were cash purchasers and therefore did not obtain financing.

> In such event, each party waives any and all rights under
> applicable law or in equity to object to jurisdiction or venue of
> the Commonwealth Courts. Such jurisdiction and venue shall
> be exclusive of any other jurisdiction and venue.

See, e.g., Byers Doc. No. 89, Ex. 1 at 14.[7]  Unlike the purchase contracts, Plaintiffs' mortgage notes executed in connection with their lot purchases designate the "State of Florida" as the appropriate venue for "any litigation in connection with or to enforce this Note." See, e.g., Byers Doc. No. 1, Ex. A at 4.

Plaintiffs contend that the "contract[s] directly implicated by [their RICO] allegations . . . [are] the . . . [mortgage notes]." See, e.g., Byers Doc. No. 92 at 4.  Plaintiffs aver that "[b]ut for the scheme, [they] would not have purchased [their] GSM lot[s] or would not have purchased the lot[s] at the fraudulently inflated price[s]." Id. at 3.  Further, Plaintiffs claim that but for the scheme, their mortgage loans "would not have been approved for the fraudulently inflated sales price[s]." Id.  Plaintiffs contend that the appraisal fraud scheme damaged them "immediately and directly" upon the closing of their GSM lots. Id.  As the mortgage loans facilitated the allegedly injurious lot closings, Plaintiffs assert that their RICO-based fraud claims "arise directly out of the financing of [their] GSM lot purchase[s.]" Id. at 5.  Accordingly, Plaintiffs contend that their mortgage notes- - with their Florida forum provision- - "[are] the operative contract[s]." Id. at 5.  Plaintiffs alternatively contend the

---

[7]The Ginn Defendants have attached copies of Plaintiffs' purchase contracts to their motions as exhibits. "[T]he Court may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's [and here, counterclaim plaintiff's] claim and (2) undisputed. In this context, 'undisputed' means that the authenticity of the document is not challenged." Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005).  The purchase contracts are central to Plaintiffs' claims and to the Court's consideration of the venue issue.  Moreover, no party questions the purchase contracts' authenticity.  As in the related case of Liles v. Ginn-LA West End, Ltd., 631 F.3d 1242, 1244 n.5 (11th Cir. 2011), the Court will consider the purchase contracts.

RICO claims are not sufficiently related to the purchase contracts for the Bahamian venue provisions to apply.

Defendants argue that Plaintiffs' claims "must be dismissed under Federal Rule of Civil Procedure 12(b)(3) for improper venue because [Plaintiffs] agreed to exclusive venue in The Bahamas pursuant to Section 22 of [their purchase contracts]." See, e.g., Byers Doc. No. 89 at 5. The Ginn Defendants and Lubert-Adler Defendants cite the purchase contracts' broad venue provision and contend that Plaintiffs' allegations that they contracted to purchase a GSM lot "are incorporated into the two RICO counts" thereby subjecting the claims to a Bahamian venue. Id. at 7. The Ginn Defendants also assert that Plaintiffs' RICO counts "are, at a minimum, 'related to'" their purchase contracts. Id. See, e.g., id. at 4 n.2 ("Byers' claims nevertheless arise out of and relate to his agreement to purchase property located in The Bahamas, the price he contractually agreed to pay, and other facts related to his financing and ultimately closing on the GSM lot he agreed to purchase by and through the [purchase contract.]"); id. at 5 n.3 ("Byers' claims . . . are 'related to' the [purchase contract] in that the claims arise out of the transaction and occurrence of purchasing Bahamian property, which was effectuated via the [purchase contract]."); id. at 7 ("Indeed, but for entering into the [purchase contract], Byers' claims would not exist.").

In Liles v. Ginn-LA West End, Ltd., 631 F.3d 1242 (11th Cir. 2011), my colleague, the Honorable Marcia Morales Howard, reviewed the identical venue provision in a suit brought by and against many of the same parties[8] and in a comprehensive opinion held that the

---

[8]For example, with the exception of Ms. Dana Ballinger, who is serving as Plaintiffs' counsel, the Liles plaintiffs are all plaintiffs in the Webb and Bailey actions.

Bahamian venue provision was applicable and enforceable. The Eleventh Circuit affirmed, attaching Judge Howard's opinion as an appendix. Liles, 631 F.3d at 1243.[9] The question here is whether Plaintiffs' RICO claims involving alleged appraisal fraud and fraud related to the Credit Suisse transaction are unrelated to the purchase contracts and therefore fall outside of the venue provision and the holding and reasoning of Liles.

The relevant venue language provides that "the courts of the Commonwealth [of the Bahamas] . . . will be the venue for any dispute, proceeding, suit or legal action concerning the interpretation, construction, validity, enforcement, performance of, or related in any way to, [the purchase contract] or any other agreement or instrument executed in connection with [the purchase contract]." Byers Doc. No. 89, Ex. 1 at 14 (emphasis added). The scope of the venue provision is very broad, encompassing any dispute which is "related in any way to" the purchase contracts. Plaintiffs' RICO claims, which arise out of the relationship between Plaintiffs and Defendants established by the purchase contracts, are facially "related" to the purchase contracts. Other indicia support this view.

First, Plaintiffs have admitted that their RICO claims are related to the purchase contracts. At oral argument, Plaintiffs' counsel conceded that "certainly these [RICO] claims wouldn't exist if the Plaintiffs hadn't entered into these [purchase] contracts."

Second, Plaintiffs' own allegations show the relationship between the purchase contracts and the RICO claims. Using Bailey as an example, paragraph 325 of the Bailey Complaint alleges that "But for the Appraisal Fraud Scheme perpetrated by [the Ginn

---

[9]The undersigned has likewise followed Judge Howard's lead in a case involving the same venue provision. That decision has also been affirmed by the Eleventh Circuit. See Barrios v. Ginn-LA West End, Ltd., No. 3:09-cv-975-J-32TEM, slip op. (M.D. Fla. June 2, 2010), aff'd No. 10-13004 (11th Cir. Mar. 4, 2011).

-8-

Defendants], Plaintiffs would not have purchased GSM lots . . . ." Regarding the alleged Credit Suisse fraud, paragraph 163 alleges that the Ginn and Lubert-Adler Defendants "knew that if prospective GSM purchasers, including Plaintiffs . . . were informed about [the alleged fraud, they] would not have purchased GSM lots." Finally, as part of their relief in Bailey, Plaintiffs pray for a "determination that the Contract for Lot Purchase entered into by each Plaintiff be declared null and void . . ." Bailey Doc. No. 1 at 147. These are unambiguous statements that the RICO claims and the purchase contracts are interrelated.

Third, Plaintiffs' effort to tie these cases to the mortgage notes (with their Florida venue provision) is unavailing. Plaintiffs' RICO claims are more closely linked to the purchase contracts, which created the relationship between the parties, than the mortgage notes, which were executed to help effectuate the relationship already established by the purchase contracts. Further, the Vans' appearance as plaintiffs in this litigation also favors the conclusion that these RICO cases are related to the purchase contracts. As cash purchasers, the Vans' only contractual relationship to the Ginn Defendants is the purchase contract; they have no mortgage note.

Finally, in Liles, in addition to the ILSA claims which were the focus of discussion, there was a claim for common law fraud, similar in kind to the fraud-based RICO claims presented here. While not much discussed, both Judge Howard and the Eleventh Circuit found those fraud claims to be covered by the Bahamian venue provision. See Liles, 631 F.3d at 1243, 1244, 1255-56.[10]

---

[10] Like a fraud claim, a RICO claim can be subject to a contractual venue provision. See, e.g., Lipcon v. Underwriters at Lloyd's, London, 148 F.3d 1285, 1299 n.20 (11th Cir. 1998) (enforcing choice clauses calling for application of English law in an English venue despite presence of plaintiffs' RICO claim).

In sum, the purchase contracts were the source of the parties' relationships. They obligated Plaintiffs to purchase their GSM lots, established the prices that Plaintiffs were to pay for the lots, and contemplated that Plaintiffs might seek financing in connection with their lot purchases. If Plaintiffs were the victims of RICO fraud, it was "related" to their execution of the purchase contracts. Thus, despite Plaintiffs' creative efforts to downplay the centrality of the purchase contracts, they are ultimately unsuccessful. The question is whether the RICO claims are "related in any way" to the purchase contracts. The answer is yes; the Bahamian venue provision applies to these claims and counterclaims.

**III.    The Purchase Contracts' Bahamian Venue Provision Is Enforceable and Can Be Invoked by Non-Signatory Defendants.**

Having determined that Plaintiffs' RICO claims are subject to the Bahamian venue provision in their purchase contracts, the Court must analyze whether the provision is enforceable and, if so, which parties can invoke it. Liles again is instructive. In Liles, Judge Howard examined the arguments against enforceability and found them wanting. See Liles, 631 F.3d at 1246-55. Moreover, the instant cases are actually easier because Plaintiffs have not made the same unenforceability contentions they asserted in Liles. In their briefs and at the hearing, Plaintiffs disclaimed reliance on the "Bremen factors" to argue for unenforceability. See Liles, 631 F.3d at 1245 (citing M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1 (1972) and recognizing that Bremen identified factors a court should consider when contemplating the enforceability of a forum-selection provision). Thus, Plaintiffs have elected not to attempt to carry their "heavy burden" of demonstrating why enforcement of the

-10-

purchase contracts' forum-selection clause would be unreasonable. See id. ("The party seeking to avoid the forum-selection clause bears a heavy burden of proof." (citing Bremen)).

In both Liles and Barrios, this Court, and subsequently the Eleventh Circuit, were also faced with another issue present in these cases– whether non-signatories to the purchase contracts can nevertheless invoke the Bahamian forum-selection provision. Here, Plaintiffs contend that, "As non-signatories to the Purchase Contracts, Defendants are not entitled to invoke the venue clause in those Contracts under a theory of equitable estoppel." See, e.g., Bailey Doc. No. 30 at 6. However, Plaintiffs' position appears to be foreclosed by the Eleventh Circuit's rulings in Liles and Barrios. See Liles, 631 F.3d at 1256-57 (permitting non-signatory defendants to invoke the Bahamian forum-selection provision in Plaintiffs' purchase contracts under an equitable estoppel theory); Barrios, No.10-13004 at 3-4 (11th Cir. Mar. 4, 2011) (permitting non-signatory defendants to invoke purchase contracts' Bahamian venue provision pursuant to the reasoning in Liles). Thus, the Court finds that for the reasons set forth in Liles and Barrios, the non-signatory Ginn Defendants can invoke the Bahamian venue provision.

Although Bailey's addition of the Lubert-Adler Defendants and the Credit Suisse Credit Fraud claim presents a slightly different question than the Eleventh Circuit addressed in Liles and Barrios, the Court is persuaded that the analysis in those cases is equally applicable to the Lubert-Adler Defendants in Bailey. Although in Bailey Plaintiffs allege an additional RICO fraud scheme involving the Lubert-Adler Defendants, at bottom, these contentions are that the Lubert-Adler Defendants either influenced, controlled, or collaborated with various Ginn entities, including the Ginn Defendants, during the financing

-11-

and development of GSM and that such actions harmed Plaintiffs.  These allegations are either the same or similar to those made against the non-signatory Ginn entities.  Accordingly, for the same reasoning set forth in <u>Liles</u> and <u>Barrios</u>, the non-signatory Lubert-Adler Defendants in <u>Bailey</u> can also invoke the forum-selection provision contained in Plaintiffs' purchase contracts.

**IV.     Conclusion**

At the hearing, all parties agreed that the Court's resolution of the venue issue would apply equally to the <u>Byers</u> counterclaim, the <u>Willis</u> counterclaim, <u>Webb</u>, and <u>Bailey</u>.  Having determined that the Bahamian forum-selection provision in Plaintiffs' purchase contracts is applicable and enforceable as to Plaintiffs' claims and that the non-signatory Ginn and Lubert-Adler Defendants can invoke the forum-selection clause, the Court will grant Defendants' motions and dismiss Plaintiffs' complaints and counterclaims pursuant to Fed. R. Civ. P. 12(b)(3) as venue in this Court is improper.  Accordingly, it is hereby

**ORDERED**:

**1.**     Plaintiff Bahamas Sales Associate, LLC's Complaint (Doc. No. 1 in case no. 3:08-cv-1012-J-32JRK) is **DISMISSED without prejudice** for lack of subject matter jurisdiction.

**2.**     Plaintiff Bahamas Sales Associate, LLC's Complaint (Doc. No. 1 in case no. 3:08-cv-1062-J-32JRK) is **DISMISSED without prejudice** for lack of subject matter jurisdiction.

**3.**     The Ginn Defendants' Motion to Dismiss Byers' Third Amended Counterclaim (Doc. No. 89 in case no. 3:08-cv-1012-J-32JRK) is **GRANTED to the extent** that

Counterclaim Plaintiff Donald Byers' Third Amended Counterclaim (Doc. No. 83) is **DISMISSED without prejudice** for improper venue pursuant to Fed. R. Civ. P. 12(b)(3). The Court makes no ruling on the other grounds asserted in the Ginn Defendants' Motion to Dismiss Byers' Third Amended Counterclaim.

4.    The Ginn Defendants' Motion to Dismiss Willis' Second Amended Counterclaim (Doc. No. 66 in case no. 3:08-cv-1062-J-32JRK) is **GRANTED to the extent** that Counterclaim Plaintiff Darryl Willis' Second Amended Counterclaim (Doc. No. 62) is **DISMISSED without prejudice** for improper venue pursuant to Fed. R. Civ. P. 12(b)(3). The Court makes no ruling on the other grounds asserted in the Ginn Defendants' Motion to Dismiss Willis' Second Amended Counterclaim.

5.    The Ginn Defendants' Motion to Dismiss Third Amended Complaint (Doc. No. 77 in case no. 3:09-cv-516-J-32JRK) is **GRANTED to the extent** that Plaintiffs' Third Amended Complaint (Doc. No. 76) is **DISMISSED without prejudice** for improper venue pursuant to Fed. R. Civ. P. 12(b)(3).  The Court makes no ruling on the other grounds asserted in the Ginn Defendants' Motion to Dismiss Third Amended Complaint.

6.    The Ginn Defendants' Motion to Dismiss Plaintiffs' Complaint (Doc. No. 8 in case no. 3:10-cv-422-J-32JRK) is **GRANTED to the extent** that Plaintiffs' Complaint (Doc. No. 1) is **DISMISSED without prejudice** for improper venue pursuant to Fed. R. Civ. P. 12(b)(3). The Court makes no ruling on the other grounds asserted in the Ginn Defendants' Motion to Dismiss Plaintiffs' Complaint.

7.    Lubert-Adler's Motion to Dismiss the Complaint (Doc. No. 23 in case no. 3:10-cv-422-J-32JRK) is **GRANTED to the extent** that Plaintiffs' Complaint (Doc. No. 1) is

**DISMISSED without prejudice** for improper venue pursuant to Fed. R. Civ. P. 12(b)(3). The Court makes no ruling on the other grounds asserted in Lubert-Adler's Motion to Dismiss the Complaint.

8. The Motion of Defendant/CC Plaintiff Donald Cameron Byers under Local Rule 1.04 to Transfer Related Cases to Judge Timothy J. Corrigan, for Severance of Bailey Action Appraisal Fraud Claims and for Consolidation of Cases Before Judge Corrigan (Doc. No. 108 in case no. 3:08-cv-1012-J-32JRK) is deemed **MOOT**.

9. The Clerk is directed to terminate all remaining pending motions in the above-styled cases.

10. The Clerk is directed to close the file in each of the above-styled cases.

**DONE AND ORDERED** in Jacksonville, Florida, this 31st day of March, 2011.

_____
TIMOTHY J. CORRIGAN
United States District Judge

smm

Copies to:

Counsel of Record

-14-